UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY OWNERS
ASSOCIATION, INC.,

    Plaintiff,

v.                                                                                          Case No: 2:13-cv-176-Ftm-99SPC

JANE B. ROBINSON and ALBERT M.
ROBINSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Albert M. Robinson's Affidavit of Indigency (Doc. #6) filed on March 18, 2013, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*.

Under 28 U.S.C. §1915(a)(1), the District Court may, upon a finding of indigency, authorize the commencement of a civil action without requiring payment of fees, costs or security if the potential plaintiff has filed an affidavit that she is unable to pay such costs or give security. Jones v. St. Vincents Health System, 2007 WL 1789242, *1 (M.D. Fla. June 19, 2007). "The Court's decision of whether to grant *in forma pauperis* status is discretionary." Id. (citing Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)). An individual should only receive *in forma pauperis* status if she is truly indigent, and the only determination the court should make is whether the statements contained in the affidavit satisfy the poverty requirement. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. Apr. 2, 2004); Jones, 2007 WL 1789242 at *1. Accordingly, an affidavit, which addresses the statutory language "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely

destitute to qualify for indigent status under §1915." Martinez, 364 F.3d at 1307 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948) (internal quotations omitted). Once an affidavit demonstrates sufficient economic eligibility on its face, the court should proceed to determine the sufficiency of the claim. Martinez, 364 F.3d at 1307 (quoting Watson, 525 F.2d at 891).

Defendant Albert M. Robinson filed an affidavit of indigency which demonstrates sufficient economic eligibility on its face. (Doc. #6). This is a removal case wherein Mr. Robinson has removed this action from the 20th Judicial Circuit, Charlotte County, to this Court citing the Fair Housing Act, 42 U.S.C. § 3613(a), alleging that Plaintiff's lawsuit "is nothing but a SLAPP[1] suit because Mr. Robinson is a minority, with children, who spoke up and began to help others speak up against Section 23's illegal actions." (Doc. #5, ¶2). Defendant alleges that "Section 23 is illegally utilizing the Deed Restrictions to run targeted people out of Deep Creek by harassment and the threat of excessive legal fees assessed against the owner's property." (Doc. #5, ¶14). In the state court action, Section 23 Property Owner's Association, Inc. is suing Defendant Albert M. Robinson and Jane B. Robinson (Albert's mother) for a permanent mandatory injunction to stop Defendants from parking their commercial vehicles on their property located in the subdivision of Deep Creek because such actions are in violation of the subdivision's declarations of restrictions.

Because Defendant removed this case from state court, Defendant has the burden of establishing subject matter jurisdiction. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (citation omitted). "Any doubts about the propriety of federal

---

[1] "SLAPP" stands for Strategic Lawsuits Against Public Participation recognized under Fla. Stat. § 720.304. "A SLAPP suit has been described as 'one filed by developers, unhappy with public protest over a proposed development, filed against leading critics in order to silence criticism of the proposed development.'" Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County, 616 So.2d 562, 570 (Fla. 5th DCA 1993).

jurisdiction should be resolved in favor of remand to state court." Id. (citation omitted). Pursuant to 28 U.S.C. § 1447 "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded."

In order to determine whether there is federal question subject matter jurisdiction over this case, the Court must look at Plaintiff's complaint and cannot consider potential federal defenses. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The vast majority of cases that come within federal question jurisdiction are those in which federal law creates the cause of action. See id. However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citation omitted). The Supreme Court has described the "'special and small category' of cases" in which federal question jurisdiction will lie over state-law claims that implicate significant federal issues as "slim." Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013) (quoting Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677, 699, 701, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

> In an effort to bring some order to this unruly doctrine several Terms ago, we condensed our prior cases into the following inquiry: Does the "state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? Grable, 545 U.S. at 314, 125 S.Ct. 2363. That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. Id. at 313-14, 125 S.Ct. 2363.

Gunn, 133 S.Ct at 1065. The relevant question is: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314, 125 S.Ct. at 2368.

In this case, Section 23's equitable action for a permanent injunction to enforce its declarations of restrictions does not arise under federal law; rather, Defendant has asserted a defense to the action pursuant to the Fair Housing Act. Based on these circumstances, the Court recommends that Defendant has not shown that the federal issues in this case are substantial. A substantial federal issue is "'a serious federal interest in claiming the advantages thought to be inherent in a federal forum,' one that 'justif[ies] resort to the experience, solicitude, and hope of uniformity that a federal forum offers.'" Oregon ex. rel. Kroger v. Johnson & Johnson, 832 F. Supp. 2d 1250, 1256-57 (D. Or. 2011) (quoting Grable, 545 U.S. at 312, 313). State courts have traditionally handled cases involving federal fair housing laws claims and defenses, *see, e.g.*, Sun Harbor Homeowners' Ass'n v. Bonura, 95 So.3d 262 (Fla. 4th DCA 2012); Dornbach v. Holley, 854 So.2d 211 (Fla. 2d DCA 2002), as well as claims pursuant to the Florida Fair Housing Act. "We are mindful that state courts are generally presumed competent to interpret and apply federal law." Adventure Outdoors, 552 F.3d at 1301 (citation omitted). This is not a case in which it is imperative that the federal courts exercise jurisdiction over.

Thus, because the Defendant has failed to meet his burden to show federal question subject matter jurisdiction, the Court recommends that this Court lacks subject matter jurisdiction over this action and accordingly it should be remanded to state court pursuant to 28 U.S.C. § 1447.

Accordingly, it is now

**RECOMMENDED:**

Defendant Albert M. Robinson's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #6) be **DENIED** and this matter be **REMANDED** to the 20th Judicial Circuit, Charlotte County, Florida, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 19th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

5